## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMEER MOHAMMAD BARAT AND B&S LIGHTING & FURNITURE INC.,** | : : : : : | No. __ -CV-_____ |
| Plaintiffs, | : : | Judge _____ |
| v. | : : | |
| **B AND S LIGHTING AND FURNITURE OUTLET INC.,** | : : : | |
| And | : : | |
| **SOHRAB BARAT,** | : : | |
| And | : : | |
| **ILLUMINAIRE LIGHTING AND FURNITURE LLC.,** | : : : : | |
| Defendants. | : | |

## <u>COMPLAINT</u>

Plaintiffs, Sameer Mohammad Barat and B&S Lighting & Furniture Inc., a New York Corporation, (collectively, "Plaintiffs"), complain and allege against Defendants, Sohrab Barat and Illuminaire Lighting and Furniture LLC (collectively, "Defendants") and B and S Lighting and Furniture Outlet Inc., as follows:

1

## PARTIES

1.    Plaintiff, B&S Lighting & Furniture Inc. ("B&S – NY") is a corporation organized and existing under the laws of the State of New York.

2.    Plaintiff, Sameer Mohammad Barat is an individual who resides in the State of New Jersey, and is the sole owner of B&S - NY.

3.    Defendant, B and S Lighting and Furniture Outlet Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania ("B and S - PA").

4.    Upon information and belief, Defendant Sohrab Barat is an individual who resides in Luzerne County, in the Commonwealth of Pennsylvania.

5.    Upon information and belief, Defendant, Illuminaire Lighting and Furniture LLC ("Illuminaire") is a limited liability company organized and existing under the laws of the State of Delaware.

## JURISDICTION AND VENUE

6.    The preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

7.    This Court has subject matter jurisdiction over the claims and causes of action asserted in this Complaint pursuant to 28 U.S.C. §1332 because this dispute is between citizens of the State of New York, State of New Jersey, State of Delaware,

Commonwealth of Pennsylvania, and the amount in controversy exceeds $75,000.00.

8.    The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiffs' claims arise under the trademark laws of the United States.

9.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims that arise under the laws of the Commonwealth of Pennsylvania.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because it is where a substantial part of the events giving rise to this claim have occurred.

## OPERATIVE FACTS

### A. B&S – NY'S TRADEMARK

11.    The preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

12.    By and through Plaintiff, Sameer Barat, B&S – NY was incorporated in the State of New York on January 30, 2012.

13.    Sameer Barat is the sole owner of B&S - NY.

14.    B&S - NY is a seller of luxury lighting fixtures and other furniture, including chandeliers, tables, clocks, vanities, fireplaces, and related accessories.

15.     B&S - NY promotes and offers its products and services, in part, through a website at the domain name, https://www.bandslighting.com.

16.     B&S – NY's products are available for sale in its outlet located in Jamaica New York, as well as through certain online retailers.

17.     On or about October 16, 2018, B&S – NY registered a trademark with the United States Patent and Trademark Office ("USPTO") entitled B&S LIGHTING INC B&S CHANDELIERS (the "Trademark"). See Trademark's Registration Certificate attached hereto as **Ex. A**.

18.     The owner of the Trademark was B&S – NY.

19.     The US Serial Number for the Trademark is 87562474.

20.     The US Registration Number for the Trademark is 5583577.

21.     The Trademark is a Service Mark characterized as:

    a. AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S) /NUMBER(S);

    b. The mark consists of "B&S LIGHTING INC" stylized at the top and "B&S" stylized below where the "&" symbol appears to looks like a swan and "CHANDELIERS" below as shown below:



c.

## B. B AND S – PA'S FORMATION

22.    On or about November 24, 2019, Sameer Barat incorporated B and S – PA as owner and President. See Articles of Incorporation attached hereto as **Ex. B.**

23.    Although defendant Sohrab Barat was an incorporator of B and S – PA and initially designated Vice President, a few weeks after the business was incorporated, he informed the business's accountant that he did not want to be involved in same and desired to make a new company under his own name. See December 10, 2019 Email attached hereto as **Ex. C**

24.    At all times, Sameer Barat operated the day-to-day operations and procured clients to generate income for B and S - PA.

25.    Sameer Barat opened B and S – PA's authorized bank accounts and was the only signatory on same.

26.    Sameer Barat filed taxes on the revenue generated by B and S - PA.

## C. DEFENDANT        SOHRAB        BARAT'S        FRAUDULENT MISAPPROPRIATION OF B AND S – PA

27.    Through his clients and customers, Sameer Barat recently learned that, without his knowledge, Defendant Sohrab Barat has repeatedly fraudulently and

illegally acted as the owner of B and S - PA, and misappropriated the business's name, cash and assets.

28.    Defendant Sohrab Barat illegally and without Sameer Barat's consent misappropriated tens of thousands of dollars from B and S - PA and/or Sameer Barat by illegally endorsing unauthorized checks from the company in favor of himself and/or his wife. See Sohrab Barat's Fraudulent Checks attached hereto as **Ex. D**.

29.    In September 2024, without Sameer Barat's notice or consent, Defendant Sohrab Barat fraudulently filed Articles of Amendment for B and S – PA, replacing Sameer Barat as Owner/President and designating Zahid Ghaznawi as Vice President. See Articles of Amendment and Index Report attached hereto as **Ex. E**.

30.    Defendant Sohrab Barat now openly, fraudulently and illegally holds himself out as the owner of B and S - PA, operating without any authority or consent from the real owner and President of B and S - PA, Sameer Barat.

31.    Defendant Sohrab Barat has illegally, fraudulently and without Sameer Barat's consent contacted Sameer Barat's and/or B and S – PA's business clients, which Sameer Barat's and/or B and S – PA have contracts with, and held himself out as the sole owner of B and S – PA, directing them to contact him only to place orders and stating that he owns the only existing and operating B and S Lighting company. See List of Customers Contacted by Sohrab attached hereto as **Ex. F** (redacted for confidentiality).

32.    Defendant Sohrab Barat illegally and without Sameer Barat's consent also fraudulently sent correspondence to Plaintiff Sameer Barat's and/or B and S – PA's customers announcing his illegal website and informing them that "B&S Lighting Inc. Chandeliers is the sole owner of the [T]rademark." See <u>Customer Correspondence</u> attached hereto as **<u>Ex. G</u>**.

### D. DEFENDANTS' FRAUDULENT MISAPPROPRIATION OF B&S-NY'S TRADEMARK

33.    On or about May 30, 2024, without Sameer Barat's notice or consent, Defendant Sohrab Barat fraudulently filed a "Trade Assignment Cover Sheet" with United States Patent and Trademark Office for B&S – NY's trademark, illegally changing the owner of the trademark from B&S – NY to ILLUMINAIRE LIGHTING AND FURNITURE LLC, of which, upon information and belief, Defendant Sohrab Barat is owner. See <u>Trademark Assignment Cover Sheet</u> attached hereto as **<u>Ex. H</u>**. Illuminaire was created on May 30, 2024, the same day Sohrab fraudulently assigned the Trademark. See <u>Delaware Entity Search</u> attached hereto as **<u>Ex. I</u>**.

34.    After fraudulently holding himself out as the owner of B and S – PA and illegally transferring the ownership of B&S – NY's trademark to his company, ILLUMINAIRE LIGHTING AND FURNITURE LLC, Defendant Sohrab Barat is also now unlawfully misappropriating and infringing upon B&S – NY's Trademark, depicting same on fraudulent correspondences to Plaintiff's clients, using it on his

unauthorized website https://bandschandeliers.com/, catalogues, and even selling illegal counterfeit items therein. See Depiction of Counterfeit Items for Sale attached hereto as **Ex. J**.

## COUNT I – CONVERSION

35.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

36.     Defendants deprived and/or interfered with Plaintiffs' rights of property in, or use or possession of, chattels without Plaintiffs' consent and without lawful justification, causing Plaintiffs significant damages.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT II – TRESPASS TO CHATTELS

37.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

38.     Defendants intentionally engaged in wrongful conduct and deprived and/or interfered with Plaintiffs' rights of property in, or use or possession of,

chattels without Plaintiffs' consent and without lawful justification, causing Plaintiffs significant damages.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT III – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

39.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

40.    B and S – PA and/or Sameer Barat had contractual relationships with various third-party clients.

41.    Defendants intentionally harmed B and S – PA and/or Sameer Barat by interfering with their contractual relationships.

42.    Defendants had no privilege or justification for the interference.

43.    B and S – PA and/or Sameer Barat sustained damages from Defendants' conduct.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including

reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT IV – MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF PENNSYLVANIA'S UNIFORM TRADE SECRETS ACT

44.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

45.     Defendants acquired Plaintiffs' trade secrets by improper means.

46.     Defendants disclosed and/or used Plaintiffs' trade secret without their consent.

47.     At the time of Defendants' use/disclosure of the trade secrets, they knew or had reason to know that their knowledge of the trade secret was:

    a.  derived from or through a person who had utilized improper means to acquire it; or

    b.  acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

    c.  derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.

48.     Before a material change of Defendants' position, they knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by fraud/improper means, accident or mistake.

49.     Plaintiffs sustained damages as a result of Defendants' misappropriation.

## COUNT V – PENNSYLVANIA COMMON LAW UNFAIR COMPETITION

50.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

51.     By the acts described above, Defendants have intentionally engaged in unfair competition in violation of the common law of the Commonwealth of Pennsylvania

52.     Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and is thus damaged in an amount not yet determined.

## COUNT VI – PENNSYLVANIA COMMON LAW TRADEMARK INFRINGEMENT

53.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

54.     By the acts described above, Defendants have engaged in trademark infringement in violation of the common law of the Commonwealth of Pennsylvania.

55.    Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and is thus damaged in an amount not yet determined.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT VII – BREACH OF FIDUCIARY DUTY

56.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

57.    In the alternative, to the extent that Defendant Sohrab Barat claims he was a director, co-owner, officer, operator, agent, employee, and/or other representative of B and S – PA, which Plaintiff Sameer Mohammad Barat does not concede, Defendant owed Plaintiff Sameer Mohammad Barat a duty.

58.    Defendant breached the duty.

59.    Plaintiff was damaged as a result of Defendant's breach.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive

relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT VIII – PENNSYLVANIA BUSINESS CORPORATION LAW - § 1726. REMOVAL OF DIRECTORS

60.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

61.     In the alternative, to the extent that Defendant Sohrab Barat claims he was a director, co-owner, officer, operator, agent, employee, or other representative of B and S – PA, which Plaintiff Sameer Mohammad Barat does not concede, Plaintiff moves to remove Defendant Sohrab due to his fraudulent or dishonest acts, gross abuse of authority or discretion with reference to the corporation, or for other proper cause, and bars Defendant from the corporation in perpetuity. Prior demand is excused because Defendant's conduct has caused immediate and irreparable harm to the corporation.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT IX – PENNSYLVANIA BUSINESS CORPORATION LAW - § 1981. PROCEEDINGS UPON APPLICATION OF DIRECTOR

62.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

63.     In the alternative, to the extent that Defendant Sohrab Barat claims he was an incorporator, co-owner, officer, operator, agent, employee, or other representative of B and S – PA, which Plaintiff Sameer Mohammad Barat does not concede, as the owner of B and S – PA, Plaintiff moves for the involuntary winding up and dissolution of the corporation because the parties are deadlocked in the direction of the management of the business and affairs of the corporation and there are no other shareholders to break the deadlock and that irreparable injury to the corporation is being suffered or is threatened by reason thereof.

64.     The court shall appoint a receiver or grant other similar relief under this paragraph.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT X – THE LANHAM ACT – FEDERAL SERVICE MARK INFRINGEMENT (15 U.S.C. § 1114)

65.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

66.    Plaintiffs' Trademark is valid and protectable.

67.    Plaintiffs own and/or have priority rights over the Trademark.

68.    Plaintiffs sell goods and services under the Trademark throughout the United States.

69.    Notwithstanding Plaintiffs' established rights in the Trademark, Defendants adopted and used an identical and/or confusingly similar trademark and logo in interstate commerce in connection with the sale and offering for sale of their goods and services.

70.    Without Plaintiffs' consent, Defendants have used and continue to use their infringing mark and logo in connection with the sale, offering for sale, distribution, or advertising of their goods.

71.    Defendants have engaged in their infringing activity despite having actual notice of Plaintiffs' federal registration rights under 15 U.S.C. § 1072.

72.    Defendants' actions are likely to mislead the public into concluding that their goods originate with or are authorized by Plaintiffs, which will damage both Plaintiffs and the public. Plaintiffs have no control over the quality of goods sold by

Defendants and because of the source confusion caused by Defendants, Plaintiffs have lost control over their valuable goodwill.

73.    Upon information and belief, Defendants have advertised and offered their goods for sale using the mark with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on Plaintiffs' reputation and goodwill. Defendants' use of their mark constitutes willful, deliberate, and intentional trademark infringement.

74.    Defendants' unauthorized use of the mark and logo in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

75.    As a direct and proximate result of Defendants' trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendants have unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

76.    Defendants' acts of infringement will cause further irreparable injury to Plaintiffs if Defendants are not restrained by this Court from further violation of Plaintiffs' rights. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including

reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT XI – THE LANHAM ACT – FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

77.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

78.    Defendants' unauthorized marketing and sale of their products in interstate commerce using Plaintiffs' Trademark and logo constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' products as originating from or connected with Plaintiffs, and constitutes the use of false descriptions or representations in interstate commerce. The actions of Defendants as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

79.    Defendants' actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

80.    As a direct and proximate result of Defendants' unfair competition, Plaintiffs have suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendants have and will continue to unfairly acquire income, profits, and goodwill.

81.    Defendants' acts of unfair competition will cause further irreparable injury to Plaintiffs if Defendants are not restrained by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT XII – THE LANHAM ACT – FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(B)

82.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

83.    Defendants' website advertising in connection with their goods and services, its use in commercial advertising or promotion of literally false and/or misleading descriptions of fact misrepresent the characteristics and qualities of Plaintiffs' goods and Defendants' goods in violation of 15 U.S.C. § 1125(a)(1)(B). Defendants' false and misleading advertising and promotion occurred in interstate commerce.

84.    Upon information and belief, these literally false and/or misleading descriptions of fact actually deceived or tended to deceive a substantial number of

reasonable consumers. The misrepresented Trademark, goods, products and/or services affected interstate commerce.

85.    On information and belief, Defendants' acts of false advertising described herein were intended to cause and did in fact cause deception of the public, misleading prospective purchasers as to the true characteristics and qualities of Defendants' and Plaintiffs' products.

86.    As a proximate result of Defendants' acts described above, Plaintiffs have suffered and will continue to suffer irreparable harm in the form of damage and injury to their business, reputation, and goodwill. Plaintiffs will continue to sustain serious loss of revenues, profits, and market share unless Defendants are permanently restrained and enjoined by the Court from further false advertising.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT XIII – THE LANHAM ACT – FRAUD IN REPRESENTATIONS TO USPTO - 15 U.S.C. § 1120

87.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

88.     Defendants made fraudulent representations to the USPTO.

89.     The fraudulent representations were material to the illegal change of ownership and/or registrability of the Trademark in Defendants' name.

90.     Defendants had knowledge of the falsity of their representation.

91.     Defendants made the representations with intent to deceive the USPTO.

92.     Defendants' actions caused Plaintiffs' damages.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT XIV – THE LANHAM ACT – CYBERSQUATTING UNDER THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))

93.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

20

94.    Plaintiffs' federally-registered Trademark is distinctive and was distinctive before Defendants fraudulently changed its ownership.

95.    Defendants intentionally fraudulently registered and misappropriated Plaintiffs' Trademark to divert consumers from Plaintiffs' website to websites accessible under Defendants' website for commercial gain, creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' websites.

96.    Defendants' registration and use of the mark is intended primarily to capitalize on the goodwill associated with Plaintiffs' Trademark. Defendants have no rights in the Trademark.

97.    Defendants registered, trafficked in, or used the mark with a bad faith intent to profit from Plaintiffs' Trademark and its associated goodwill.

98.    Defendants' diversion of traffic from Plaintiffs' website has harmed and continues to harm Plaintiffs' ability to generate business and retain customers.

99.    Defendants' illegal registration and use of the mark causes Plaintiffs' customers and potential customers to believe that Plaintiffs' website is no longer available or that Plaintiffs allows advertisements for Defendants' goods and services.

100.    Defendants' registration and use of the mark has caused and will continue to cause damage to Plaintiffs, in an amount to be proven at trial, and is causing irreparable harm to Plaintiffs, for which there is no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT XV – THE LANHAM ACT – FEDERAL TRADEMARK COUNTERFEITING (15 U.S.C. § 1114(1))

101. The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

102. Plaintiffs allege counterfeiting of a federally-registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

103. Defendants' use of Plaintiffs' Trademark on their Counterfeit Goods is likely to cause confusion or mistake or to deceive consumers into believing that Plaintiffs are the source of Defendants' goods.

104. Plaintiffs did not authorize or license the use of their trademark on Defendants' Counterfeit Goods.

105. Upon information and belief, Defendants have advertised and offered its Counterfeit Goods for sale using the Plaintiffs' Trademark with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on Plaintiffs' reputation and goodwill.

106.  Defendants' unauthorized use of their spurious mark in interstate commerce as described above constitutes trademark counterfeiting under 15 U.S.C. § 1114(1).

107.  As a direct and proximate result of Defendants' trademark counterfeiting, Plaintiffs have suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendants have unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

108.  Defendants' acts of counterfeiting will cause further irreparable injury to Plaintiffs if Defendants are not restrained by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully requests the Court enter judgment against Defendants as follows:

A. Enter a judgment finding that Defendants' have illegally converted Plaintiffs' property as their own;

B. Enter a judgment finding that Defendants' have trespassed on Plaintiffs' chattels;

C. Enter a judgment finding that Defendants' have intentionally interfered with Plaintiffs' contractual relations;

D. Enter a judgment finding that Defendants' have illegally misappropriated Plaintiffs' trade secrets;

E. Enter a judgment finding that Defendants' have illegally engaged in unfair competition;

F. Enter a judgment finding that Defendants' have engaged in trademark infringement;

G. Enter a judgment finding that Defendants' breached their fiduciary duties to Plaintiffs;

H. Enter a judgment finding that Defendants' conduct has violated the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

I. Enter a judgment removing Sohrab Barat from B and S -PA;

J. Enter a judgment for the involuntary winding up and dissolution of B and S -PA, and appointing a receiver or granting other similar relief;

K. Enter a judgment finding that Defendants have infringed Plaintiffs' Trademark in violation of 15 U.S.C. § 1114;

L. Enter a judgment finding that Defendants' actions constitute unfair competition in violation of 15 U.S.C. § 1125(a);

M. Enter a judgment finding that Defendants' actions constitute false advertising in violation of 15 U.S.C. § 1125(a)(1)(B);

N. Enter a judgment finding that Defendants' engaged in fraud in representations to USPTO in violation of 15 U.S.C. § 1120;

O. Enter a judgment finding that Defendants' engaged in Counterfeiting in violation of 15 U.S.C. § 1114(1);

P. Order the transfer to Plaintiffs of the Infringing Domain Names and any other domain names registered to and/or used by Defendants that are confusingly similar to Plaintiff's Trademark, including but not limited to domain names containing Plaintiffs' mark and domain names consisting of or containing misspellings of Plaintiffs' mark;

Q. Issue temporary and permanent injunctive relief against Defendants and each of their officers, agents, representatives, employees, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them, enjoining and restraining them from:

1. Infringing Plaintiffs' Trademark;

2. Registering, using, or trafficking in any domain names that are identical or confusingly similar to Plaintiffs' Trademark, including but not

25

limited to domain names containing Plaintiffs' mark and domain names containing misspellings of Plaintiffs' mark;

3. Order Defendants to file with the Court and serve on Plaintiffs within thirty days (30) after issuance of an injunction a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116;

4. Order Defendants to account to Plaintiffs for, and disgorge to Plaintiff, all profits it has derived as a result of the unlawful acts complained of above and actual damages, trebled under 15 U.S.C. § 1117, in an amount to be proved at trial, or in the alternative statutory damages of $100,000 per domain name, as elected by Plaintiffs;

5. Award Plaintiffs their costs in this action;

6. Award Plaintiff their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

7. Grant Plaintiffs treble damages and all other relief to which it is entitled and such other or additional relief as is just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

January 29, 2025                 Respectfully submitted by:


**COHEN SEGLIAS PALLAS
GREENHALL & FURMAN PC**

*/s/ Anthony Chwastyk*
Anthony Chwastyk, Esq.
Christopher W. Sexton, Esq. (*admission pending*)
PA ID Nos. 32342 / 323466
1600 Market Street, 32nd Floor
Philadelphia, Pennsylvania 19103
Tel: (215)-564-1700
Emails: achwastyk@cohenseglias.com
            csexton@cohenseglias.com


**LAW OFFICES OF SAEED A. RIZVI, LLC**

*/s/ Saeed A. Rizvi*
By:  Saeed A. Rizvi, Esq.
(*lead counsel, admission pending*)
PA ID No.: 327106
528 Hartford Road
Mount Laurel, New Jersey 08054
Email: sarizviesq@gmail.com
Phone: (856) 495-9364

*Attorneys for Plaintiffs,*
*Sameer Mohammad Barat and B&S Lighting &
Furniture Inc.*