**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAMEER MOHAMMAD BARAT AND B&S LIGHTING & FURNITURE INC.,** | **:** | |
| | **:** | |
| | **:** | Civil Action No.: |
| | **:** | 3:25-CV-00181-JKM |
| | **:** | Hon. Julia K Munley |
| Plaintiffs, | **:** | |
| | **:** | |
| v. | **:** | |
| | **:** | |
| **B AND S LIGHTING AND FURNITURE OUTLET INC.,** | **:** | |
| | **:** | |
| And | **:** | |
| | **:** | |
| **SOHRAB BARAT,** | **:** | |
| | **:** | |
| And | **:** | |
| | **:** | |
| **ILLUMINAIRE LIGHTING AND FURNITURE LLC.,** | **:** | |
| | **:** | |
| | **:** | |
| Defendants. | **:** | |

**PLAINTIFFS' MOTION FOR TEMPORARY**
**RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## **TABLE OF CONTENTS**

I. STATEMENT OF FACTS..................................................................................7

 A. B&S – NY'S TRADEMARK.................................................................7

 B. B AND S – PA'S FORMATION ............................................................8

 C. DEFENDANT SOHRAB BARAT'S FRAUDULENT
  MISAPPROPRIATION OF B AND S – PA.................................................9

 D. DEFENDANTS' FRAUDULENT MISAPPROPRIATION OF
  B&S-NY'S TRADEMARK ........................................................................10

II. PROCEDURAL HISTORY ...........................................................................11

III. LEGAL ARGUMENT ...................................................................................11

 A. THERE IS MORE THAN A REASONABLE PROBABILITY THAT
  PLAINTIFFS WILL HAVE EVENTUAL SUCCESS IN THIS
  LITIGATION................................................................................................12

  1. Plaintiffs Have a High Likelihood of Success on Their Common Law
   Conversion and Trespass to Chattels Claims ...............................................12

  2. Plaintiffs Have a High Likelihood of Success on Their Intentional
   Interference with Contractual Relations Claim.............................................14

  3. Plaintiffs Have a High Likelihood of Success on Their Pennsylvania
   Uniform Trade Secrets' Act Claim ...............................................................15

  4. Plaintiffs Have a High Likelihood of Success on Their Breach of
   Fiduciary Duty Claim....................................................................................16

  5. Plaintiffs Have a High Likelihood of Success on Their Pennsylvania
   Business Corporation Law – Removal of Directors Claim............................17

  6. Plaintiffs Have a High Likelihood of Success on Their Pennsylvania
   Business Corporation Law – Involuntary Winding Up
   and Dissolution Claim....................................................................................18

  7. Plaintiffs Have a High Likelihood of Success on Their
   Lanham Act Claims.......................................................................................19

   i. Plaintiffs have a High Likelihood of Success on Their Federal Service
    Mark Infringement and Unfair Competition/False Designation or Origin
    Claims...................................................................................................19

   ii. Plaintiffs have a High Likelihood of Success on Their Federal Unfair
    Competition and False Designation of Origin Claim ...........................20

i

iii.  Plaintiffs have a High Likelihood of Success on Their Fraud in Representations  to USPTO Claim............................................................21

iv.  Plaintiffs have a High Likelihood of Success on Their Anti-Cybersquatting Consumer Protection Act Claim...................................22

v.  Plaintiffs have a High Likelihood of Success on Their Federal Trademark Counterfeiting Claim ...........................................................23

B.  PLAINTIFFS WILL SUFFER IRREPARABLE HARM IF A PRELIMINARY INJUNCTION IS NOT GRANTED ..............................24

C.  THE BALANCE OF EQUITIES WEIGHS IN FAVOR OF GRANTING THE TRO........................................................................26

D.  THE PUBLIC INTEREST WEIGHTS IN FAVOR OF GRANTING THE INJUNCTIVE RELIEF...............................................27

IV.  CONCLUSION .......................................................................................27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*,
   237 F.3d 198 (3d Cir. 2000) ................................................................................21

*Astrazeneca AB v. Dr. Reddy's Lab'ys, Inc.*,
   145 F. Supp. 3d 311 (D. Del. 2015).....................................................................26

*Bank of Landisburg v. Burruss*,
   362 Pa. Super. 317, 524 A.2d 896 (1987) ...........................................................14

*Bimbo Bakeries USA, Inc. v. Botticella*,
   613 F.3d 102 (3d Cir. 2010) ................................................................................17

*In re Bose Corp.*,
   580 F.3d 1240 (Fed. Cir. 2009) ...........................................................................23

Cafe Parissa, Inc. v. 1601 Assocs.,
   2004 Phila. Ct..........................................................................................................15

*Chanel, Inc. v. Matos*,
   133 *F. Supp.* 3d 678, 2015 WL 4773072 (D.N.J. 2015) .....................................21

*Hoosier Energy Rural Elec. Coop. v. John Hancock Life Ins. Co.*,
   582 F.3d 721 (7th Cir. 2009) ...............................................................................14

*Kelly-Springfield Tire Company v. D'Ambro*,
   408 Pa. Super. 301 (1991) ...................................................................................16

*Kos Pharms., Inc. v. Andrx Corp.*,
   369 F.3d 700 (3d Cir. 2004) ..........................................................................26, 29

*Levinson Axelrod, P.A. v. Heyburn*,
   No. CIV. NO. 09 5627, 2010 U.S. Dist. LEXIS 43391, 2010 WL
   1816245 (D.N.J. May 3, 2010).............................................................................24

*Marshak v. Treadwell*,
   240 F.3d 184 (3d Cir. 2001) ................................................................................23

iii

*Norriton East Realty Corp. v. Central-Penn National Bank*,
   435 Pa. 57, 254 A.2d 637 (1969)............................................................................15

*Opticians Ass'n of Am. v. Indep. Opticians of Am.*,
   920 F.2d 187 (3d Cir. 1990) .............................................................................28, 29

*Pappan Enterprises, Inc. v. Hardee's Food Sys., Inc.*,
   143 F.3d 800 (3d Cir. 1998) ...............................................................................29

*Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.*,
   No. CV. 96-6961, 1998 U.S. Dist. LEXIS 17282, 1998 WL
   767440 (E.D. Pa. Nov. 3, 1998) ...................................................................25, 26

*Reilly v. City of Harrisburg*,
   858 F.3d 173 (3d Cir. 2017) ...........................................................................13, 14

*Singer Mgmt. Consultants Inc. v. Milgram*,
   650 F.3d 223 (3d Cir. 2011) (*en banc*) ...............................................................14

*Snyder v. Crusader Servicing Corp.*,
   2020 PA Super 67, 231 A.3d 20 (Pa. Super. 2020)............................................18

*Stevenson v. Economy Bank of Ambridge*,
   413 Pa. 442, 197 A.2d 721 (1964)......................................................................14

*Tilden Recreational Vehicles, Inc. v. Belair*,
   786 F. App'x 335 (3d Cir. 2019).........................................................................26

*Warner-Lambert Co. v. BreathAsure, Inc.*,
   204 F.3d 87 (3d Cir. 2000) ................................................................................22

**Statutes**

15 Pa.C.S.A. § 1726(c) ..........................................................................................19

15 Pa.C.S.A. § 1981(a)(3)........................................................................................20

15 U.S.C. §§ 1064(3), 1120 ....................................................................................23

15 U.S.C. § 1114....................................................................................................21

15 U.S.C. § 1114(1) ...............................................................................................21

15 U.S.C. § 1116(a) (effective December 18, 2021) ................................................27

15 U.S.C. § 1117 ...................................................................................................26, 35

15 U.S.C. § 1125(a)(1) ...............................................................................................21

15 U.S.C. § 1125(a)(1)(A) .........................................................................................21

15 U.S.C. § 1125(d) ...................................................................................................24

Anti-cybersquatting Consumer Protection Act .........................................................24

Lanham Act ...........................................................................................22, 23, 26, 27

Lanham Act, 15 U.S.C. § 1114(1)(a), and (2) .........................................................25

Pennsylvania Business Corporation Law ...............................................19, 20, 21, 27

Pennsylvania Uniform Trade Secrets' Act ...............................................................17

Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S.
    Sections 5301, et seq. .........................................................................................17

Plaintiffs' Lanham Act ..............................................................................................29

Plaintiffs' Trademark. Based on the above, Plaintiffs' Anti-
    Cybersquatting Consumer Protection Act ...........................................................25

Success on Their Anti- Cybersquatting Consumer Protection Act .........................24

Success on Their Lanham Act ...................................................................................21

Trademark Modernization Act of 2020 ....................................................................27

**Other Authorities**

Fed. R. Civ. P. 11 ......................................................................................................31

Federal Rule of Civil Procedure 65 .........................................................................32

Local Civil Rule 65.1 ................................................................................................32

Local Rule 7.8(b)(2) ..................................................................................................31

Plaintiffs' Complaint at para. 12 ......................................................................*passim*

Restatement (Second) of Torts § 217 (1965)..............................................................15

Trademark. Defendants' website at https://bandschandeliers.com/ ........................24

Plaintiffs Sameer Mohammad Barat and B&S Lighting & Furniture, Inc., by and through their undersigned counsel, submit the following Brief in Support of their Motion for a Temporary Restraining Order and Preliminary Injunction, averring as follows:

## I.    STATEMENT OF FACTS

### A. B&S – NY'S TRADEMARK

By and through Plaintiff, Sameer Barat, B&S Lighting and Furniture, Inc. ("B&S – NY") was incorporated in the State of New York on January 30, 2012. See Plaintiffs' Complaint at para. 12, incorporated herein, and attached as **Exhibit 1**. Sameer Barat is the sole owner of B&S - NY. Id. at para. 13. B&S - NY is a seller of luxury lighting fixtures and other furniture, including chandeliers, tables, clocks, vanities, fireplaces, and related accessories. Id. at para. 14. B&S - NY promotes and offers its products and services, in part, through a website at the domain name, https://www.bandslighting.com. Id. at para. 15. B&S – NY's products are available for sale in its outlet located in Jamaica, New York, as well as through certain online retailers. Id. at para. 16.

On or about October 16, 2018, B&S – NY registered a trademark with the United States Patent and Trademark Office ("USPTO") entitled B&S LIGHTING INC B&S CHANDELIERS (the "Trademark"). Id. at para. 17. The owner of the Trademark was B&S – NY. Id. The US Serial Number for the Trademark is

87562474. <u>Id.</u> at <u>para.</u> 19. The US Registration Number for the Trademark is 5583577. <u>Id.</u> at <u>para.</u> 20.

The Trademark is a Service Mark characterized as:

    a. AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S) /NUMBER(S);

    b. The mark consists of "B&S LIGHTING INC" stylized at the top and "B&S" stylized below where the "&" symbol appears to looks like a swan and "CHANDELIERS" below as shown below:



    c.

<u>Id.</u> at <u>para.</u> 21.

## B. <u>B AND S – PA'S FORMATION</u>

On or about November 24, 2019, Sameer Barat incorporated B and S – PA as Owner and President. <u>Id.</u> at <u>para.</u> 22. Although defendant Sohrab Barat was an incorporator of B and S – PA, and initially designated as Vice President, a few weeks after the business was incorporated, he informed the business's accountant that he did not want to be involved in same and desired to make a new company under his own name. <u>Id.</u> at <u>para.</u> 23.

8

At all times, Sameer Barat administered the day-to-day operations and procured clients to generate income for B and S - PA. Id. at para. 24. Sameer Barat opened B and S – PA's authorized bank accounts and was the only signatory on same. Id. at para. 25. Sameer Barat filed taxes on the revenue generated by B and S - PA. Id. at para. 26.

C. **DEFENDANT        SOHRAB        BARAT'S        FRAUDULENT MISAPPROPRIATION OF B AND S – PA**

Through his clients and customers, Sameer Barat recently learned that, without his knowledge, Defendant Sohrab Barat has repeatedly, fraudulently, and illegally represented himself as owner of B and S - PA, and misappropriated the business's name, cash and assets. Id. at para. 27. Defendant Sohrab Barat illegally and without Sameer Barat's consent misappropriated tens of thousands of dollars from B and S - PA and/or Sameer Barat, by, *inter alia*, illegally endorsing unauthorized checks from the company in favor of himself and/or his wife. Id. at para. 28.

In September 2024, without Sameer Barat's notice or consent, Defendant Sohrab Barat fraudulently filed Articles of Amendment for B and S – PA, replacing Sameer Barat as Owner/President and designating Zahid Ghaznawi as Vice President. Id. at para. 29. Defendant Sohrab Barat now openly, fraudulently and illegally holds himself out as the owner of B and S - PA, operating without any

authority or consent from the real owner and President of B and S - PA, Sameer Barat. Id. at para. 30.

Defendant Sohrab Barat has illegally, fraudulently and without Sameer Barat's consent contacted Sameer Barat's and/or B and S – PA's business clients, which Sameer Barat's and/or B and S – PA have contracts with, and held himself out as the sole owner of B and S – PA, directing them to contact him only to place orders and stating that he owns the only existing and operating B and S Lighting company. Id. at para. 31.

Defendant Sohrab Barat illegally and without Sameer Barat's consent also fraudulently sent correspondence to Plaintiff Sameer Barat's and/or B and S – PA's customers announcing his illegal website and informing them that "B&S Lighting Inc. Chandeliers is the sole owner of the [T]rademark." Id. at para. 32.

D. **DEFENDANTS' FRAUDULENT MISAPPROPRIATION OF B&S-NY'S TRADEMARK**

On or about May 30, 2024, without Sameer Barat's notice or consent, Defendant Sohrab Barat fraudulently filed a Trademark Assignment with the USPTO for B&S – NY's trademark, illegally assigning Plaintiffs' Trademark to ILLUMINAIRE LIGHTING AND FURNITURE LLC, of which, upon information and belief, Sohrab is the owner. Id. at para. 32. Illuminaire was created on May 30, 2024, the same day Sohrab fraudulently assigned the Trademark. Id. at para. 33.

10

After fraudulently holding himself out as the owner of B and S – PA and illegally transferring the ownership of B&S – NY's trademark to his company, ILLUMINAIRE LIGHTING AND FURNITURE LLC, Defendant Sohrab Barat is also now unlawfully misappropriating and infringing upon B&S – NY trademark, depicting same on fraudulent correspondences to Plaintiff's clients, using it on his unauthorized website https://bandschandeliers.com/, and even selling illegal counterfeit items therein. Id. at para. 34.

## II.  PROCEDURAL HISTORY

Plaintiffs filed their Complaint on January 29, 2025 and is in the process of serving all Defendants.

## III.  LEGAL ARGUMENT

This Court has the authority to issue a preliminary injunction if the movant can demonstrate:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured ... if relief is not granted. [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.
>
> [*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017), as amended (June 26, 2017).]

The first two elements, referred to as the "gateway factors," are of "elevated value" and must be met before the court may weigh the equities implicated in the

11

second two elements. *Id.* at 179. This test should not be understood, however, to diminish this court's discretion. *Id.* at 178-79 ("District Courts have the freedom to fashion preliminary equitable relief so long as they do so by exercising their sound discretion.").

Further, "the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief." *Hoosier Energy Rural Elec. Coop. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009). Plaintiffs must demonstrate the probability of success on the merits of their claim being "significantly better than negligible," but not necessarily more likely than not. *Singer Mgmt. Consultants Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (*en banc*).

## A. THERE IS MORE THAN A REASONABLE PROBABILITY THAT PLAINTIFFS WILL HAVE EVENTUAL SUCCESS IN THIS LITIGATION

### 1. Plaintiffs Have a High Likelihood of Success on Their Common Law Conversion and Trespass to Chattels Claims

Conversion is defined under Pennsylvania law as: "the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *Stevenson v. Economy Bank of Ambridge*, 413 Pa. 442, 451, 197 A.2d 721, 726 (1964); *Bank of Landisburg v. Burruss*, 362 Pa. Super. 317, 524 A.2d 896 (1987), alloc denied, 516 Pa. 625, 532 A.2d 436 (1987). Although the exercise of control over the chattel

must be intentional, the tort of conversion does not rest on proof of specific intent to commit a wrong. *Norriton East Realty Corp. v. Central-Penn National Bank*, 435 Pa. 57, 254 A.2d 637 (1969).

The elements of trespass to chattel are essentially the same as conversion and require proof that defendant is "intentionally (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another." Restatement (Second) of Torts § 217 (1965); Cafe Parissa, Inc. v. 1601 Assocs., 2004 Phila. Ct. Com. Pl. LEXIS 10, *10.

Plaintiffs are likely to succeed on their claims of conversion and/or trespass to chattels against Defendants. First, it is a matter of record that Plaintiff Sameer Barat incorporated B and S – PA as Owner and President. In September 2024, however, Defendant Sohrab Barat unilaterally and fraudulently filed Articles of Amendment for the entity designating himself as Sole Owner, President and naming Zahid Ghaznawi as Vice President. Thus, Sohrab Barat, intentionally and without justification or consent, effectively deprived Sameer Barat from his right to own his business, B and S – PA as the rightful Owner and President.

Moreover, as also is a matter of record, B&S – NY, with Sameer Barat as its sole owner, procured its Trademark in October 2018. In May 2024, however, Defendant Sohrab Barat unilaterally and fraudulently changed the Trademark's ownership to his own company, defendant Illuminaire. Thus, Sohrab Barat and/or

13

Illuminaire, intentionally and without justification or consent, effectively deprived Plaintiffs from the right to their Trademark.

Based on the above, Plaintiffs' Conversion and/or Trespass to Chattels claim has a high probability of success on the merits.

### 2. Plaintiffs Have a High Likelihood of Success on Their Intentional Interference with Contractual Relations Claim

In Pennsylvania, the elements of tortious interference with a contract are:

(1) an existing or prospective contractual relation; (2) the purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage resulting from the defendant's conduct.

[*Kelly-Springfield Tire Company v. D'Ambro*, 408 Pa. Super. 301, 596 (1991).]

Here, as explained above, Defendant Sohrab Barat openly, fraudulently and illegally held, and continues to hold, himself out as the sole owner of B and S - PA, operating without any authority or consent from the real owner and President, Plaintiff Sameer Barat. B and S - PA and/or Sameer Barat had clients who Defendant Sohrab Barat has and continues to solicit to prevent Sameer Barat's contractual relations with them.

Defendants have no privilege or justification to behave in this manner and are causing Plaintiffs actual damages as a direct result. Indeed, defendant Sohrab Barat is informing B and S – PA's clients about his competing website, telling them to

14

"contact him only to place orders[,]" that he "owns the only existing and operating B and S Lighting company[,]"and informing said clients that "B&S Lighting Inc. Chandeliers is the sole owner of the Trademark[.]"

Based on the above, Plaintiffs' Tortious Interference with a Contract claim has a high probability of success on the merits.

### 3.    Plaintiffs Have a High Likelihood of Success on Their Pennsylvania Uniform Trade Secrets' Act Claim

The Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S. Sections 5301, et seq. defines a trade secret as follows:

> Information, including a formula, drawing, pattern, compilation including a **customer list**, program, device, method, technique or process that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

[12 Pa. Cons. St. § 5302. emphasis added.]

A party misappropriates a trade secret when, inter alia, he or she "acquires knowledge of another's trade secret in circumstances giving rise to a duty to maintain it confidentiality and then discloses or uses that trade secret without the other's consent." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 110 (3d Cir. 2010).

Here, Defendant Sohrab Barat openly, fraudulently and illegally holds himself out as the sole owner of B and S - PA, operating without any authority or consent from the real owner and President, Sameer Barat. In this capacity, Defendant has

15

and continues to solicit B and S – PA's and/or Sameer Barat's customers without Plaintiffs' consent, informing them about his competing website, directing them to "contact him only to place orders[,]" stating that he "owns the only existing and operating B and S Lighting company[,]" and informing them that "B&S Lighting Inc. Chandeliers is the sole owner of the Trademark," causing Plaintiffs significant damages.

Based on the above, Plaintiffs' Pennsylvania Uniform Trade Secrets' claim has a high probability of success on the merits.

### 4. Plaintiffs Have a High Likelihood of Success on Their Breach of Fiduciary Duty Claim

In Pennsylvania, to prevail on a breach of fiduciary duty claim, a plaintiff must show:

> the existence of a fiduciary relationship between [the p]laintiff and [the defendant], that [the defendant] negligently or intentionally failed to act in good faith and solely for [the plaintiff's] benefit, and that [the plaintiff] suffered an injury caused by [the defendant's] breach of [its] fiduciary duty.
>
> [*Snyder v. Crusader Servicing Corp.*, 2020 PA Super 67, 231 A.3d 20, 31 (Pa. Super. 2020).]

Here, although Plaintiff Sameer Barat does not concede that Defendant Sohrab Barat had any significant role in B and S – PA, if Sohrab attempts to argue same, then he had a fiduciary relationship with the entity and/or its Owner/President, Sameer Barat. Sohrab thus negligently and/or intentionally failed to act in good faith

16

and solely for his benefit, as he has misappropriated tens of thousands of dollars from the entity, unilaterally filed Articles of Amendment naming himself as sole owner and designating Zahid Ghaznawi as Vice President, and is currently illegally competing against the business, causing Plaintiff Sameer Barat significant damages.

Based on the above, Plaintiffs' Breach of Fiduciary Duty claim has a high probability of success on the merits.

### 5. Plaintiffs Have a High Likelihood of Success on Their Pennsylvania Business Corporation Law – Removal of Directors Claim

Removal of a director by the court is governed by 15 Pa.C.S.A. § 1726(c). This section declares:

> (c) Removal by the court.-- Upon application of any shareholder or director, the court may remove from office any director in case of fraudulent or dishonest acts, or gross abuse of authority or discretion with reference to the corporation, or for any other proper cause, and may bar from office any director so removed for a period prescribed by the court. . . .

Here, although Plaintiff Sameer Barat does not concede that Defendant Sohrab Barat had any significant role in B and S – PA, if Sohrab attempts to argue same, then the Court should remove him from the entity as he acted fraudulently, dishonesty and engaged in gross abuse of his authority by misappropriating tens of thousands of dollars from the entity, unilaterally filing Articles of Amendment naming himself as sole owner and designating Zahid Ghaznawi as Vice President

17

without Sameer Barat's consent, and is currently illegally competing against the business, causing Plaintiff Sameer Barat significant damages.

Based on the above, Plaintiffs' Pennsylvania Business Corporation Law – Removal of Directors claim has a high probability of success on the merits.

**6. Plaintiffs Have a High Likelihood of Success on Their Pennsylvania Business Corporation Law – Involuntary Winding Up and Dissolution Claim**

Pursuant to 15 Pa.C.S.A. § 1981(a)(3),

Upon application filed by a shareholder or director of a business corporation, the court may entertain proceedings for the involuntary winding up and dissolution of the corporation when any one of the following is made to appear:

(3) The directors are deadlocked in the direction of the management of the business and affairs of the corporation and the shareholders are unable to break the deadlock and that irreparable injury to the corporation is being suffered or is threatened by reason thereof. The court shall not appoint a receiver or grant other similar relief under this paragraph if the shareholders by agreement or otherwise have provided for the appointment of a provisional director or other means for the resolution of a deadlock but the court shall enforce the remedy so provided if appropriate.

[15 Pa.C.S.A. § 1981(a)(3).]

Here, although Plaintiff Sameer Barat does not concede that Defendant Sohrab Barat had any significant role in B and S – PA, if Sohrab attempts to argue same, it is clear and unequivocal that the two are deadlocked in the direction of the management of the business and affairs of the corporation, warranting the same to be dissolved.

18

Based on the above, Plaintiffs' Pennsylvania Business Corporation Law - Involuntary Winding Up and Dissolution claim has a high probability of success on the merits.

### 7. Plaintiffs Have a High Likelihood of Success on Their Lanham Act Claims

#### i. Plaintiffs have a High Likelihood of Success on Their Federal Service Mark Infringement and Unfair Competition/False Designation or Origin Claims

To state a claim for trademark infringement, 15 U.S.C. § 1114(1), and unfair competition/false designation of origin, 15 U.S.C. § 1125(a)(1), a plaintiff must show three elements: "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000) ("We measure federal trademark infringement, 15 U.S.C. § 1114, and federal unfair competition, 15 U.S.C. § 1125(a)(1)(A), by identical standards"); *See also Chanel, Inc. v. Matos*, 133 *F. Supp.* 3d 678, 2015 WL 4773072, at *10 n.6 (D.N.J. 2015) ("Courts in the Third Circuit consider claims for trademark infringement and for false designation of origin under an identical standard.") (citing *A&H Sportswear*).

Here, it is a matter of record that B&S – NY, with Sameer Barat as its sole owner, procured a valid and legally protectable Trademark in October 2018. In May 2024, however, Defendant Sohrab Barat unilaterally and fraudulently changed the

19

Trademark's ownership to his own company, defendant Illuminaire. Thus, Sohrab Barat and/or Illuminaire fraudulently, intentionally and without justification or consent, now use Plaintiff's Trademark on their website and in correspondences to Plaintiffs' customers to sell goods or services, causing confusion with Plaintiffs' customers and engaging in clear trademark infringement and/or unfair competition in violation of the Lenham Act.

### ii. Plaintiffs have a High Likelihood of Success on Their Federal Unfair Competition and False Designation of Origin Claim

The Third Circuit has stated that, to establish a Lanham Act claim based on a false or misleading representation of a product, a plaintiff must show:

> 1) that the defendant has made false or misleading statements as to his own product [or another's];
> 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience;
> 3) that the deception is material in that it is likely to influence purchasing decisions;
> 4) that the advertised goods traveled in interstate commerce; and
> 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

> [*Warner-Lambert Co. v. BreathAsure, Inc.*, 204 F.3d 87, 91-92 (3d Cir. 2000).]

Here, Defendants are misappropriating Plaintiff Sameer Barat's business, B and S – PA, and the Trademark, informing customers to contact Defendants only to place orders, that they own the only existing B and S Lighting company, and selling counterfeit items on their catalogues and website. The foregoing constitutes actual

deception, deceives their intended audience and thus likely to influence purchase decisions. As the products are being sold online and throughout the country, Defendants' advertised goods are traveling in interstate commerce and there is a likelihood of injury to Plaintiffs and B and S – PA, as it will affect their sales and also result in loss of goodwill.

Based on the above, Plaintiffs' Federal Unfair Competition and False Designation of Origin claim has a high probability of success on the merits.

### iii. Plaintiffs have a High Likelihood of Success on Their Fraud in Representations to USPTO Claim

The Lanham Act provides that a third party may petition for cancellation of a registered trademark if the registration was procured by fraud. Specifically, pursuant to 15 U.S.C. §§ 1064(3), 1120, a showing must be made by clear and convincing evidence that the "applicant or registrant knowingly ma[de] a false, material representation with the intent to deceive the PTO," *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009); see *Marshak v. Treadwell*, 240 F.3d 184, 196 (3d Cir. 2001). Intent to deceive can be inferred from indirect or circumstantial evidence. *See In re Bose Corp.*, 580 F.3d at 1245 (finding that "the registrant actually knew or believed that someone else had a right to the mark," *Marshak*, 240 F.3d at 196.)

Here, it is a matter of record that B&S – NY, with Sameer Barat as its sole owner, procured/owned a valid and legally protectable Trademark in October 2018. In May 2024, however, without Plaintiffs' consent, Defendants unilaterally and

21

fraudulently changed the Trademark's ownership to defendant Illuminaire. Thus, Sohrab Barat and/or Illuminaire procured the Trademark's registration by fraud, as Sohrab knowingly made a false material representation that he was the owner/president of B&S – NY and had the authority to assign the Trademark to Illuminaire.

Based on the above, Plaintiffs' Fraud in Representations to USPTO claim has a high probability of success on the merits.

### iv. Plaintiffs have a High Likelihood of Success on Their Anti-Cybersquatting Consumer Protection Act Claim

To make out a claim under the Anti-cybersquatting Consumer Protection Act ('ACPA') (15 U.S.C. § 1125(d)), Plaintiff must prove three elements: (1) Plaintiff's mark (i.e., the name of the good/service/company, etc.) is distinctive or famous, (2) Defendant's domain name (i.e., website address) is confusingly similar to Plaintiff's mark, and (3) Defendant chose the domain name with the bad faith intent to profit from its use." *Levinson Axelrod, P.A. v. Heyburn*, No. CIV. NO. 09 5627, 2010 U.S. Dist. LEXIS 43391, 2010 WL 1816245, at *3 (D.N.J. May 3, 2010) (citing *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001)).

Here, Plaintiffs had a valid, distinctive Trademark. Defendants' website at https://bandschandeliers.com/ is confusing similar to Plaintiffs' mark, as the Trademark consists of "B&S LIGHTING INC" stylized at the top and "B&S" stylized below where the "&" symbol appears to looks like a swan and

22

"CHANDELIERS;[.]" Defendants' website also literally depicts Plaintiffs' Trademark's distinctive swan illustration:



It is unequivocal that Defendants chose the domain name with the bad faith intent to profit from its illegal use of Plaintiffs' Trademark. Based on the above, Plaintiffs' Anti-Cybersquatting Consumer Protection Act claim has a high probability of success on the merits.

### v. Plaintiffs have a High Likelihood of Success on Their Federal Trademark Counterfeiting Claim

To establish a federal trademark counterfeiting claim, the record must establish that (1) defendants infringed a registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a), and (2) intentionally used the trademark knowing that it was counterfeit or was willfully blind to such use. *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.*, No. CV. 96-6961, 1998 U.S. Dist. LEXIS 17282, 1998 WL 767440, 7 (E.D. Pa. Nov. 3, 1998). The only distinction between the standard for federal trademark counterfeiting and the standard for establishing infringement is that to obtain treble or statutory damages for a counterfeiting claim, a plaintiff must show that the defendant intentionally used the plaintiff's trademark,

23

knowing that it was a counterfeit. 1998 U.S. Dist. LEXIS 17282, [WL] at *2; see also 15 U.S.C. § 1117.

Here, it is clear and unequivocal pursuant to Plaintiffs' aforementioned Lanham Act claims that Defendants fraudulently infringed upon Plaintiffs' Trademark and intentional used same knowing it was counterfeit.

## B. PLAINTIFFS WILL SUFFER IRREPARABLE HARM IF A PRELIMINARY INJUNCTION IS NOT GRANTED

Irreparable injury means harm "such that legal remedies are rendered inadequate." *Tilden Recreational Vehicles, Inc. v. Belair*, 786 F. App'x 335, 342 (3d Cir. 2019) (citing *Anderson v. Davila*, 125 F.3d 148, 163, 37 V.I. 496 (3d Cir. 1997)). "Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill, intangible harms for which it is virtually impossible to ascertain the precise economic consequences." *See Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). Moreover, the possibility of lower quality or otherwise unusable imitation products can cause irreparable harm to a company's reputation. *See Astrazeneca AB v. Dr. Reddy's Lab'ys, Inc.*, 145 F. Supp. 3d 311, 319-20 (D. Del. 2015) (use of similar-looking pills to trademarked version "not only dilutes [Plaintiff's] Marks, but puts at risk [Plaintiff's] reputation in the event of quality or safety issues with [Defendant's] generic.").

24

With regard to injunctions in trademark cases, the Trademark Modernization Act of 2020 ("TMA") provides, in pertinent part, that "[a] plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection . . . upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order." 15 U.S.C. § 1116(a) (effective December 18, 2021). Based on the plethora of bases for relief Plaintiffs have alleged and explained under the Lanham Act in section II(A)(7) above, a rebuttable presumption exists against Defendants pertaining to Plaintiffs' irreparable harm.

Plaintiffs also have and continue to suffer irreparable harm as it pertains to their other claims, including conversion/trespass to chattels, intentional interference with contractual relations, misappropriation of trade secrets, breach of fiduciary duty, and claims under the Pennsylvania Business Corporation Law.

As can be discerned from above, Defendants have stolen Plaintiffs' Trademark and businesses. In a few month period, Defendant Sohrab Barat fraudulently transferred Plaintiffs' Trademark to himself and/or his entity, Illuminaire, filed Articles of Amendment for B and S – PA, replacing Plaintiff Sameer Barat as the sole owner of the business and designating an unauthorized individual as Vice President, and now illegally, fraudulently and without Sameer

25

Barat's consent contacts Sameer Barat's and/or B and S – PA's business clients, holding himself out as the sole owner of B and S – PA, informing them to contact him only to place orders, and telling them that he owns the only existing and operating B and S Lighting company. Defendants are even selling illegal counterfeit items on their websites in the name of Plaintiffs' businesses and trademark.

Plaintiffs' and/or B and S – PA's grievances cannot be redressed by monetary damages alone. If a preliminary injunction is not granted, their reputation, brand loyalty, goodwill, and market share will continue to diminish. Moreover, their customers/clients will remain confused and begin to negatively associate Plaintiffs and/or B and S – PA with inferior and/or counterfeit products. It is impossible to ascertain the precise economic consequences of the foregoing circumstances, and interim restraints are thus warranted.

Based on all of the above, Plaintiffs have shown irreparable harm if a preliminary injunction is not granted.

### C. THE BALANCE OF EQUITIES WEIGHS IN FAVOR OF GRANTING THE TRO

The balance of equities considers "the extent to which the defendants will suffer irreparable harm if the [temporary restraining order] is issued." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990). However, when a defendant intentionally appropriates another party's intellectual property, it "can hardly claim to be harmed, since it brought any and all difficulties occasioned

by the issuance of an injunction upon itself." Id. at 197; *see also Kos Pharms*, 369 F.3d at 728.

Here, it is clear that Defendants have intentionally misappropriated Plaintiffs' Trademark and businesses. Thus, they cannot now argue that they are harmed as they brought the circumstances of an injunction upon themselves.

## D. THE PUBLIC INTEREST WEIGHTS IN FAVOR OF GRANTING THE INJUNCTIVE RELIEF

"Public interest can be defined a number of ways, but in a trademark case, it is most often a synonym for the right of the public not to be deceived or confused." *Pappan Enterprises, Inc. v. Hardee's Food Sys., Inc.*, 143 F.3d 800, 807 (3d Cir. 1998) (quoting Opticians Ass'n, 920 F.2d at 197).

Here, as explained above, Plaintiffs' Lanham Act claims pertain to the public's interest in not being confused and/or deceived by Defendants masquerading as owners of Plaintiffs' Trademark and/or businesses and utilizing their fraudulent website wherein selling counterfeit items. Thus, the final public interest factor also weighs in favor of Plaintiffs.

## IV.   CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion for a temporary restraining order pending a full hearing on its motion for a preliminary injunction.

27

Respectfully Submitted,

**COHEN SEGLIAS PALLAS
GREENHALL & FURMAN PC**

*/s/ Anthony Chwastyk*
Anthony Chwastyk, Esq.
Christopher W. Sexton, Esq. (admitted on
February 7, 2025)
PA ID Nos. 32342 / 323466
1600 Market Street, 32nd Floor
Philadelphia, Pennsylvania 19103
Tel: (215)-564-1700
Emails: achwastyk@cohenseglias.com
csexton@cohenseglias.com

**LAW OFFICE OF SAEED A. RIZVI**

By: */s/Saeed A. Rizvi, Esq.*
Saeed A. Rizvi, Esquire (admission pending
with Court)
528 Hartford Road
Mount Laurel, New Jersey 08054
Phone: 856-495-9364
sarizviesq@gmail.com

*Attorneys for Plaintiffs,
Sameer Mohammad Barat and B&S
Lighting & Furniture Inc.*

Dated:  February 7,  2025

28

## CERTIFICATE OF WORD COUNT

I, Anthony Chwastyk, certify that this Brief complies with the word count requirements identified in Fed. R. Civ. P. 11 and Local Rule 7.8(b)(2). Specifically, the above brief contains 4,739 words.

Dated: February 7, 2025                                    */s/ Anthony Chwastyk*

29