# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMEER MOHAMMAD BARAT AND B&S LIGHTING & FURNITURE INC., | : | No. __ -CV-_____ |
| | : | |
| Plaintiffs, | : | Judge _____ |
| | : | |
| v. | : | |
| | : | |
| B AND S LIGHTING AND FURNITURE OUTLET INC., | : | |
| | : | |
| And | : | |
| | : | |
| SOHRAB BARAT, | : | |
| | : | |
| And | : | |
| | : | |
| ILLUMINAIRE LIGHTING AND FURNITURE LLC., | : | |
| | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiffs, Sameer Mohammad Barat and B&S Lighting & Furniture Inc., a New York Corporation, (collectively, "Plaintiffs"), complain and allege against Defendants, Sohrab Barat and Illuminaire Lighting and Furniture LLC (collectively, "Defendants") and B and S Lighting and Furniture Outlet Inc., as follows:

1

## PARTIES

1.    Plaintiff, B&S Lighting & Furniture Inc. ("B&S – NY") is a corporation organized and existing under the laws of the State of New York.

2.    Plaintiff, Sameer Mohammad Barat is an individual who resides in the State of New Jersey, and is the sole owner of B&S - NY.

3.    Defendant, B and S Lighting and Furniture Outlet Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania ("B and S - PA").

4.    Upon information and belief, Defendant Sohrab Barat is an individual who resides in Luzerne County, in the Commonwealth of Pennsylvania.

5.    Upon information and belief, Defendant, Illuminaire Lighting and Furniture LLC ("Illuminaire") is a limited liability company organized and existing under the laws of the State of Delaware.

## JURISDICTION AND VENUE

6.    The preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

7.    This Court has subject matter jurisdiction over the claims and causes of action asserted in this Complaint pursuant to 28 U.S.C. §1332 because this dispute is between citizens of the State of New York, State of New Jersey, State of Delaware,

2

Commonwealth of Pennsylvania, and the amount in controversy exceeds $75,000.00.

8.     The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiffs' claims arise under the trademark laws of the United States.

9.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims that arise under the laws of the Commonwealth of Pennsylvania.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because it is where a substantial part of the events giving rise to this claim have occurred.

## OPERATIVE FACTS

### A. B&S – NY'S TRADEMARK

11.     The preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

12.     By and through Plaintiff, Sameer Barat, B&S – NY was incorporated in the State of New York on January 30, 2012.

13.     Sameer Barat is the sole owner of B&S - NY.

14.     B&S - NY is a seller of luxury lighting fixtures and other furniture, including chandeliers, tables, clocks, vanities, fireplaces, and related accessories.

3

15.    B&S - NY promotes and offers its products and services, in part, through a website at the domain name, https://www.bandslighting.com.

16.    B&S – NY's products are available for sale in its outlet located in Jamaica New York, as well as through certain online retailers.

17.    On or about October 16, 2018, B&S – NY registered a trademark with the United States Patent and Trademark Office ("USPTO") entitled B&S LIGHTING INC B&S CHANDELIERS (the "Trademark"). See Trademark's Registration Certificate attached hereto as **Ex. A**.

18.    The owner of the Trademark was B&S – NY.

19.    The US Serial Number for the Trademark is 87562474.

20.    The US Registration Number for the Trademark is 5583577.

21.    The Trademark is a Service Mark characterized as:

    a. AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S) /NUMBER(S);

    b. The mark consists of "B&S LIGHTING INC" stylized at the top and "B&S" stylized below where the "&" symbol appears to looks like a swan and "CHANDELIERS" below as shown below:

4



c.

## B. B AND S – PA'S FORMATION

22. On or about November 24, 2019, Sameer Barat incorporated B and S – PA as owner and President. See Articles of Incorporation attached hereto as **Ex. B.**

23. Although defendant Sohrab Barat was an incorporator of B and S – PA and initially designated Vice President, a few weeks after the business was incorporated, he informed the business's accountant that he did not want to be involved in same and desired to make a new company under his own name. See December 10, 2019 Email attached hereto as **Ex. C**

24. At all times, Sameer Barat operated the day-to-day operations and procured clients to generate income for B and S - PA.

25. Sameer Barat opened B and S – PA's authorized bank accounts and was the only signatory on same.

26. Sameer Barat filed taxes on the revenue generated by B and S - PA.

## C. DEFENDANT SOHRAB BARAT'S FRAUDULENT MISAPPROPRIATION OF B AND S – PA

27. Through his clients and customers, Sameer Barat recently learned that, without his knowledge, Defendant Sohrab Barat has repeatedly fraudulently and

illegally acted as the owner of B and S - PA, and misappropriated the business's name, cash and assets.

28. Defendant Sohrab Barat illegally and without Sameer Barat's consent misappropriated tens of thousands of dollars from B and S - PA and/or Sameer Barat by illegally endorsing unauthorized checks from the company in favor of himself and/or his wife. See Sohrab Barat's Fraudulent Checks attached hereto as **Ex. D**.

29. In September 2024, without Sameer Barat's notice or consent, Defendant Sohrab Barat fraudulently filed Articles of Amendment for B and S – PA, replacing Sameer Barat as Owner/President and designating Zahid Ghaznawi as Vice President. See Articles of Amendment and Index Report attached hereto as **Ex. E**.

30. Defendant Sohrab Barat now openly, fraudulently and illegally holds himself out as the owner of B and S - PA, operating without any authority or consent from the real owner and President of B and S - PA, Sameer Barat.

31. Defendant Sohrab Barat has illegally, fraudulently and without Sameer Barat's consent contacted Sameer Barat's and/or B and S – PA's business clients, which Sameer Barat's and/or B and S – PA have contracts with, and held himself out as the sole owner of B and S – PA, directing them to contact him only to place orders and stating that he owns the only existing and operating B and S Lighting company. See List of Customers Contacted by Sohrab attached hereto as **Ex. F** (redacted for confidentiality).

6

32.     Defendant Sohrab Barat illegally and without Sameer Barat's consent also fraudulently sent correspondence to Plaintiff Sameer Barat's and/or B and S – PA's customers announcing his illegal website and informing them that "B&S Lighting Inc. Chandeliers is the sole owner of the [T]rademark." See Customer Correspondence attached hereto as **Ex. G**.

### D. DEFENDANTS' FRAUDULENT MISAPPROPRIATION OF B&S-NY'S TRADEMARK

33.     On or about May 30, 2024, without Sameer Barat's notice or consent, Defendant Sohrab Barat fraudulently filed a "Trade Assignment Cover Sheet" with United States Patent and Trademark Office for B&S – NY's trademark, illegally changing the owner of the trademark from B&S – NY to ILLUMINAIRE LIGHTING AND FURNITURE LLC, of which, upon information and belief, Defendant Sohrab Barat is owner. See Trademark Assignment Cover Sheet attached hereto as **Ex. H**. Illuminaire was created on May 30, 2024, the same day Sohrab fraudulently assigned the Trademark. See Delaware Entity Search attached hereto as **Ex. I**.

34.     After fraudulently holding himself out as the owner of B and S – PA and illegally transferring the ownership of B&S – NY's trademark to his company, ILLUMINAIRE LIGHTING AND FURNITURE LLC, Defendant Sohrab Barat is also now unlawfully misappropriating and infringing upon B&S – NY's Trademark, depicting same on fraudulent correspondences to Plaintiff's clients, using it on his

7

unauthorized website https://bandschandeliers.com/, catalogues, and even selling illegal counterfeit items therein. See Depiction of Counterfeit Items for Sale attached hereto as **Ex. J**.

## COUNT I – CONVERSION

35.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

36.     Defendants deprived and/or interfered with Plaintiffs' rights of property in, or use or possession of, chattels without Plaintiffs' consent and without lawful justification, causing Plaintiffs significant damages.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT II – TRESPASS TO CHATTELS

37.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

38.     Defendants intentionally engaged in wrongful conduct and deprived and/or interfered with Plaintiffs' rights of property in, or use or possession of,

8

chattels without Plaintiffs' consent and without lawful justification, causing Plaintiffs significant damages.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT III – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

39.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

40.     B and S – PA and/or Sameer Barat had contractual relationships with various third-party clients.

41.     Defendants intentionally harmed B and S – PA and/or Sameer Barat by interfering with their contractual relationships.

42.     Defendants had no privilege or justification for the interference.

43.     B and S – PA and/or Sameer Barat sustained damages from Defendants' conduct.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including

reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT IV – MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF PENNSYLVANIA'S UNIFORM TRADE SECRETS ACT

44. The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

45. Defendants acquired Plaintiffs' trade secrets by improper means.

46. Defendants disclosed and/or used Plaintiffs' trade secret without their consent.

47. At the time of Defendants' use/disclosure of the trade secrets, they knew or had reason to know that their knowledge of the trade secret was:

    a. derived from or through a person who had utilized improper means to acquire it; or

    b. acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

    c. derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.

48. Before a material change of Defendants' position, they knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by fraud/improper means, accident or mistake.

49. Plaintiffs sustained damages as a result of Defendants' misappropriation.

## COUNT V – PENNSYLVANIA COMMON LAW UNFAIR COMPETITION

50. The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

51. By the acts described above, Defendants have intentionally engaged in unfair competition in violation of the common law of the Commonwealth of Pennsylvania

52. Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and is thus damaged in an amount not yet determined.

## COUNT VI – PENNSYLVANIA COMMON LAW TRADEMARK INFRINGEMENT

53. The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

54. By the acts described above, Defendants have engaged in trademark infringement in violation of the common law of the Commonwealth of Pennsylvania.

11

55.     Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and is thus damaged in an amount not yet determined.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT VII – BREACH OF FIDUCIARY DUTY

56.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

57.     In the alternative, to the extent that Defendant Sohrab Barat claims he was a director, co-owner, officer, operator, agent, employee, and/or other representative of B and S – PA, which Plaintiff Sameer Mohammad Barat does not concede, Defendant owed Plaintiff Sameer Mohammad Barat a duty.

58.     Defendant breached the duty.

59.     Plaintiff was damaged as a result of Defendant's breach.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive

12

relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT VIII – PENNSYLVANIA BUSINESS CORPORATION LAW - § 1726. REMOVAL OF DIRECTORS

60. The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

61. In the alternative, to the extent that Defendant Sohrab Barat claims he was a director, co-owner, officer, operator, agent, employee, or other representative of B and S – PA, which Plaintiff Sameer Mohammad Barat does not concede, Plaintiff moves to remove Defendant Sohrab due to his fraudulent or dishonest acts, gross abuse of authority or discretion with reference to the corporation, or for other proper cause, and bars Defendant from the corporation in perpetuity. Prior demand is excused because Defendant's conduct has caused immediate and irreparable harm to the corporation.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT IX – PENNSYLVANIA BUSINESS CORPORATION LAW - § 1981. PROCEEDINGS UPON APPLICATION OF DIRECTOR

62. The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

63. In the alternative, to the extent that Defendant Sohrab Barat claims he was an incorporator, co-owner, officer, operator, agent, employee, or other representative of B and S – PA, which Plaintiff Sameer Mohammad Barat does not concede, as the owner of B and S – PA, Plaintiff moves for the involuntary winding up and dissolution of the corporation because the parties are deadlocked in the direction of the management of the business and affairs of the corporation and there are no other shareholders to break the deadlock and that irreparable injury to the corporation is being suffered or is threatened by reason thereof.

64. The court shall appoint a receiver or grant other similar relief under this paragraph.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

14

## COUNT X – THE LANHAM ACT – FEDERAL SERVICE MARK INFRINGEMENT (15 U.S.C. § 1114)

65.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

66.    Plaintiffs' Trademark is valid and protectable.

67.    Plaintiffs own and/or have priority rights over the Trademark.

68.    Plaintiffs sell goods and services under the Trademark throughout the United States.

69.    Notwithstanding Plaintiffs' established rights in the Trademark, Defendants adopted and used an identical and/or confusingly similar trademark and logo in interstate commerce in connection with the sale and offering for sale of their goods and services.

70.    Without Plaintiffs' consent, Defendants have used and continue to use their infringing mark and logo in connection with the sale, offering for sale, distribution, or advertising of their goods.

71.    Defendants have engaged in their infringing activity despite having actual notice of Plaintiffs' federal registration rights under 15 U.S.C. § 1072.

72.    Defendants' actions are likely to mislead the public into concluding that their goods originate with or are authorized by Plaintiffs, which will damage both Plaintiffs and the public. Plaintiffs have no control over the quality of goods sold by

Defendants and because of the source confusion caused by Defendants, Plaintiffs have lost control over their valuable goodwill.

73. Upon information and belief, Defendants have advertised and offered their goods for sale using the mark with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on Plaintiffs' reputation and goodwill. Defendants' use of their mark constitutes willful, deliberate, and intentional trademark infringement.

74. Defendants' unauthorized use of the mark and logo in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

75. As a direct and proximate result of Defendants' trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendants have unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

76. Defendants' acts of infringement will cause further irreparable injury to Plaintiffs if Defendants are not restrained by this Court from further violation of Plaintiffs' rights. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including

16

reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT XI – THE LANHAM ACT – FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

77. The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

78. Defendants' unauthorized marketing and sale of their products in interstate commerce using Plaintiffs' Trademark and logo constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' products as originating from or connected with Plaintiffs, and constitutes the use of false descriptions or representations in interstate commerce. The actions of Defendants as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

79. Defendants' actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

80. As a direct and proximate result of Defendants' unfair competition, Plaintiffs have suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendants have and will continue to unfairly acquire income, profits, and goodwill.

17

81.     Defendants' acts of unfair competition will cause further irreparable injury to Plaintiffs if Defendants are not restrained by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT XII – THE LANHAM ACT – FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(B)

82.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

83.     Defendants' website advertising in connection with their goods and services, its use in commercial advertising or promotion of literally false and/or misleading descriptions of fact misrepresent the characteristics and qualities of Plaintiffs' goods and Defendants' goods in violation of 15 U.S.C. § 1125(a)(1)(B). Defendants' false and misleading advertising and promotion occurred in interstate commerce.

84.     Upon information and belief, these literally false and/or misleading descriptions of fact actually deceived or tended to deceive a substantial number of

18

reasonable consumers. The misrepresented Trademark, goods, products and/or services affected interstate commerce.

85.  On information and belief, Defendants' acts of false advertising described herein were intended to cause and did in fact cause deception of the public, misleading prospective purchasers as to the true characteristics and qualities of Defendants' and Plaintiffs' products.

86.  As a proximate result of Defendants' acts described above, Plaintiffs have suffered and will continue to suffer irreparable harm in the form of damage and injury to their business, reputation, and goodwill. Plaintiffs will continue to sustain serious loss of revenues, profits, and market share unless Defendants are permanently restrained and enjoined by the Court from further false advertising.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

**COUNT XIII – THE LANHAM ACT – FRAUD IN REPRESENTATIONS TO USPTO - 15 U.S.C. § 1120**

87. The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

88. Defendants made fraudulent representations to the USPTO.

89. The fraudulent representations were material to the illegal change of ownership and/or registrability of the Trademark in Defendants' name.

90. Defendants had knowledge of the falsity of their representation.

91. Defendants made the representations with intent to deceive the USPTO.

92. Defendants' actions caused Plaintiffs' damages.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

**COUNT XIV – THE LANHAM ACT – CYBERSQUATTING UNDER THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))**

93. The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

20

94. Plaintiffs' federally-registered Trademark is distinctive and was distinctive before Defendants fraudulently changed its ownership.

95. Defendants intentionally fraudulently registered and misappropriated Plaintiffs' Trademark to divert consumers from Plaintiffs' website to websites accessible under Defendants' website for commercial gain, creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' websites.

96. Defendants' registration and use of the mark is intended primarily to capitalize on the goodwill associated with Plaintiffs' Trademark. Defendants have no rights in the Trademark.

97. Defendants registered, trafficked in, or used the mark with a bad faith intent to profit from Plaintiffs' Trademark and its associated goodwill.

98. Defendants' diversion of traffic from Plaintiffs' website has harmed and continues to harm Plaintiffs' ability to generate business and retain customers.

99. Defendants' illegal registration and use of the mark causes Plaintiffs' customers and potential customers to believe that Plaintiffs' website is no longer available or that Plaintiffs allows advertisements for Defendants' goods and services.

100. Defendants' registration and use of the mark has caused and will continue to cause damage to Plaintiffs, in an amount to be proven at trial, and is causing irreparable harm to Plaintiffs, for which there is no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT XV – THE LANHAM ACT – FEDERAL TRADEMARK COUNTERFEITING (15 U.S.C. § 1114(1))

101. The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

102. Plaintiffs allege counterfeiting of a federally-registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

103. Defendants' use of Plaintiffs' Trademark on their Counterfeit Goods is likely to cause confusion or mistake or to deceive consumers into believing that Plaintiffs are the source of Defendants' goods.

104. Plaintiffs did not authorize or license the use of their trademark on Defendants' Counterfeit Goods.

105. Upon information and belief, Defendants have advertised and offered its Counterfeit Goods for sale using the Plaintiffs' Trademark with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on Plaintiffs' reputation and goodwill.

22

106. Defendants' unauthorized use of their spurious mark in interstate commerce as described above constitutes trademark counterfeiting under 15 U.S.C. § 1114(1).

107. As a direct and proximate result of Defendants' trademark counterfeiting, Plaintiffs have suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendants have unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

108. Defendants' acts of counterfeiting will cause further irreparable injury to Plaintiffs if Defendants are not restrained by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants in an amount excess of the applicable arbitration limits, including reasonable attorneys' fees, treble damages, preliminary and permanent injunctive relief, interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully requests the Court enter judgment against Defendants as follows:

A. Enter a judgment finding that Defendants' have illegally converted Plaintiffs' property as their own;

23

B. Enter a judgment finding that Defendants' have trespassed on Plaintiffs' chattels;

C. Enter a judgment finding that Defendants' have intentionally interfered with Plaintiffs' contractual relations;

D. Enter a judgment finding that Defendants' have illegally misappropriated Plaintiffs' trade secrets;

E. Enter a judgment finding that Defendants' have illegally engaged in unfair competition;

F. Enter a judgment finding that Defendants' have engaged in trademark infringement;

G. Enter a judgment finding that Defendants' breached their fiduciary duties to Plaintiffs;

H. Enter a judgment finding that Defendants' conduct has violated the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

I. Enter a judgment removing Sohrab Barat from B and S -PA;

J. Enter a judgment for the involuntary winding up and dissolution of B and S -PA, and appointing a receiver or granting other similar relief;

K. Enter a judgment finding that Defendants have infringed Plaintiffs' Trademark in violation of 15 U.S.C. § 1114;

L. Enter a judgment finding that Defendants' actions constitute unfair competition in violation of 15 U.S.C. § 1125(a);

M. Enter a judgment finding that Defendants' actions constitute false advertising in violation of 15 U.S.C. § 1125(a)(1)(B);

N. Enter a judgment finding that Defendants' engaged in fraud in representations to USPTO in violation of 15 U.S.C. § 1120;

O. Enter a judgment finding that Defendants' engaged in Counterfeiting in violation of 15 U.S.C. § 1114(1);

P. Order the transfer to Plaintiffs of the Infringing Domain Names and any other domain names registered to and/or used by Defendants that are confusingly similar to Plaintiff's Trademark, including but not limited to domain names containing Plaintiffs' mark and domain names consisting of or containing misspellings of Plaintiffs' mark;

Q. Issue temporary and permanent injunctive relief against Defendants and each of their officers, agents, representatives, employees, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them, enjoining and restraining them from:

1. Infringing Plaintiffs' Trademark;

2. Registering, using, or trafficking in any domain names that are identical or confusingly similar to Plaintiffs' Trademark, including but not

25

limited to domain names containing Plaintiffs' mark and domain names containing misspellings of Plaintiffs' mark;

3. Order Defendants to file with the Court and serve on Plaintiffs within thirty days (30) after issuance of an injunction a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116;

4. Order Defendants to account to Plaintiffs for, and disgorge to Plaintiff, all profits it has derived as a result of the unlawful acts complained of above and actual damages, trebled under 15 U.S.C. § 1117, in an amount to be proved at trial, or in the alternative statutory damages of $100,000 per domain name, as elected by Plaintiffs;

5. Award Plaintiffs their costs in this action;

6. Award Plaintiff their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

7. Grant Plaintiffs treble damages and all other relief to which it is entitled and such other or additional relief as is just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

January 29, 2025                    Respectfully submitted by:


**COHEN SEGLIAS PALLAS
GREENHALL & FURMAN PC**

*/s/ Anthony Chwastyk*
Anthony Chwastyk, Esq.
Christopher W. Sexton, Esq. (*admission pending*)
PA ID Nos. 32342 / 323466
1600 Market Street, 32nd Floor
Philadelphia, Pennsylvania 19103
Tel: (215)-564-1700
Emails: achwastyk@cohenseglias.com
            csexton@cohenseglias.com


**LAW OFFICES OF SAEED A. RIZVI, LLC**

*/s/ Saeed A. Rizvi*
By:  Saeed A. Rizvi, Esq.
(*lead counsel, admission pending*)
PA ID No.: 327106
528 Hartford Road
Mount Laurel, New Jersey 08054
Email: sarizviesq@gmail.com
Phone: (856) 495-9364

*Attorneys for Plaintiffs,*
*Sameer Mohammad Barat and B&S Lighting &*
*Furniture Inc.*

27

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SAMEER MOHAMMAD BARAT AND B&S LIGHTING &FURNITURE INC.

**DEFENDANTS**

B AND S LIGHTING AND FURNITURE OUTLET INC., SOHRAB BARAT AND ILLUMINAIRE LIGHTING AND FURNITURE LLC

**(b)** County of Residence of First Listed Plaintiff  Queens County, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Luzerne County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Anthony Chwastyk, Esq. COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC 1600 Market St., 32nd FL Philadelphia, Pennsylvania 19103 (215)-564-1700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | **PERSONAL INJURY** | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [x] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 720 Labor/Management Relations | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 751 Family and Medical Leave Act | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 791 Employee Retirement Income Security Act | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | **SOCIAL SECURITY** | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 862 Black Lung (923) | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 863 DIWC/DIWW (405(g)) | |
| | | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI | |
| | | [ ] 555 Prison Condition | [ ] 865 RSI (405(g)) | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS** | |
| | | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
The Lanham Act, 15 U.S.C. §§ 1051 et seq

Brief description of cause:
Trandemark Infringment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $  TBD

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  Jan 29, 2025

SIGNATURE OF ATTORNEY OF RECORD  /s/ Anthony Chwastyk

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# Exhibit A

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,583,577**

**Registered Oct. 16, 2018**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

B & S Lighting, Inc.  (NEW YORK CORPORATION)
142-02 Liberty Ave
Jamaica, NEW YORK 11435

CLASS 35: Wholesale and retail store services featuring chandeliers and furniture; On-line wholesale and retail store services featuring chandeliers and furniture

FIRST USE 00-00-2016; IN COMMERCE 00-00-2016

The mark consists of "B&S LIGHTING INC" stylized at the top and "B&S" stylized below where the "&" symbol appears to looks like a swan and "CHANDELIERS" below.

No claim is made to the exclusive right to use the following apart from the mark as shown: "LIGHTING INC" AND "CHANDELIERS"

SER. NO. 87-562,474, FILED 08-09-2017

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# Exhibit B

Entity# : 6979673
Date Filed : 11/24/2019
Pennsylvania Department of State

**PENNSYLVANIA DEPARTMENT OF STATE**
**BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS**

☐ Return document by mail to:

**SAMEER BARAT**
Name
**16 DELAWARE AVENUE,**
Address
**WEST PITTSTON**       **PA**       **18643**
City                State          Zip Code

☐ Return document by email to: _____

**Articles of Incorporation-For Profit**
DSCB: 15-1306/2102/2303/2702/2903/3101/3303/7102
(rev.2/2017)

**01236**

Read all instructions prior to completing. This form may be submitted online at https://www.corporations.pa.gov/.

**Fee: $125.00**       ☐ I qualify for a veteran/reservist-owned small business fee exemption (see instructions)

Check only one:

[X] **Business-stock (§ 1306)**          ☐ **Management (§ 2703)**
☐ **Business-nonstock (§ 2102)**          ☐ **Professional (§ 2903)**
☐ **Business-statutory close (§ 2303)**   ☐ **Insurance (§ 3101)**
☐ **Cooperative (§ 7102)**                ☐ **Benefit (§ 3303)**

**In compliance with the requirements of the applicable provisions (relating to corporations and unincorporated associations), the undersigned, desiring to incorporate a corporation for profit, hereby states that:**

1. The name of the corporation (corporate designator required, i.e., "corporation," "incorporated," "limited," "company," or any abbreviation thereof. "Professional corporation" or "P.C." permitted for professional corporations):

   **B AND S LIGHTING AND FURNITURE OUTLET Inc**

2. Complete part (a) or (b) – not both:

   (a) The address of this corporation's proposed registered office in this Commonwealth is:    (post office box alone is not acceptable)

   | Number and Street | City | State | Zip | County |
   |---|---|---|---|---|
   | 16 DELAWARE AVENUE, | WEST PITTSTON | PA | 18643 | Luzerne |

   (b) The name of this corporation's commercial registered office provider and the county of venue is:

   c/o: _____

   | Name of Commercial Registered Office Provider | County |
   |---|---|

3. The corporation is incorporated under the provisions of the Business Corporation Law of 1988.

4. Check and complete one:

   ☐ The corporation is organized on a nonstock basis.

   [X] The corporation is organized on a stock share basis and the aggregate number of shares authorized is:  **200**

**PENN File: November 24, 2019**

DSCB: 15-1306/2102/2303/2702/2903/3101/3303/7102-2

5.  The name and address, including number and street, if any, of each incorporator (all incorporators must sign below):

    **Name**                          **Address**

    **SAMEER BARAT**                  **14202-04 LIBERTY AVE APT 2 , JAMAICA , Out Of State , NY , United States , 11435**

    **SOHRAB BARAT**                  **14202-04 LIBERTY AVE APT 2 , JAMAICA , Out Of State , NY , United States , 11435**

6.  The specified effective date, if any is:                                                                .

    _____
    month/day/year        hour, if any

7.  Additional provisions of the articles, if any, attach an 8½ by 11 sheet.

8.  *Statutory close corporation only:* Neither the corporation nor any shareholder shall make an offering of any of its shares of any class that would constitute a "public offering" within the meaning of the Securities Act of 1933 (15 U.S.C. § 77a et seq.)

9.  *For Cooperative Corporation Only.*
    *Check and complete one:*

    The corporation is a cooperative corporation and the common bond of membership among its members is:

    _____

    The corporation is a cooperative corporation and the common bond of membership among its shareholders is:

    _____

10. *Benefit corporations only:* This corporation shall have the purpose of creating general public benefit.

    Strike out if inapplicable: ~~This corporation shall have the purpose of creating the enumerated specific public benefit(s):~~

    **IN TESTIMONY WHEREOF, the incorporator(s) has/have signed these Articles of Incorporation this 24 _____ day of November , 2019 .**

    _____
    **SAMEER BARAT**
    **Signature**

    _____
    **SOHRAB BARAT**
    **Signature**

# Exhibit C



From: **Pamir Accounting** >
To: B AND S LIGHTING INC > ★Sameer >
December 10, 2019 at 5:32 PM

# B AND S LIGHTING AND FURNITURE OUTLET INC New corporation PA

Assalamualikum Azeem,

Could you please let us know whats going on with the new corporation we opened in Pennsylvania.
As per you guys we put Sohrab as Vice President, now Sohrab says he want to be removed from this corporation and open a new corporation on his name.

Let us know what is that we need to do.

Thank you
Syed
IK Pamir Accounting

# Exhibit D

**$356.00**

Total

May 4, 2023
Post date

354
Check #

B AND S LIGHTING AND FURNITURE OUTLET INC.

55-233/212

354

DATE 05/2/23

PAY TO THE ORDER OF KELLYS AUTO TAG          $ 356—

Three hundred and fifty six —— DOLLARS

CHASE ⬤
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO HIND Restoration

---

an Chase Bank, N.A. Member FDIC     ©2024 JPMorgan Chase & Co.     Equal Hou

an Chase Bank, N.A. Member FDIC     ©2024 JPMorgan Chase & Co.     Equal Hou

an Chase Bank, N.A. Member FDIC     ©2024 JPMorgan Chase & Co.     Equal Hou

an Chase Bank, N.A. Member FDIC     ©2024 JPMorgan Chase & Co.     Equal Hou

**$50.00**

Total

Apr 19, 2023
Post date

353
Check #

B AND S LIGHTING AND FURNITURE OUTLET INC.

SS-233/212

353

DATE 04/11/2023

PAY TO THE ORDER OF NYC Department of Finance ⌐ $ 50.00

Fifty dollar only

DOLLARS

CHASE ◯

JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO

MP

Chase Bank, N.A. Member FDIC            ©2024 JPMorgan Chase & Co.            Equal Housing

Chase Bank, N.A. Member FDIC            ©2024 JPMorgan Chase & Co.            Equal Housing

Chase Bank, N.A. Member FDIC            ©2024 JPMorgan Chase & Co.            Equal Housing

Chase Bank, N.A. Member FDIC            ©2024 JPMorgan Chase & Co.            Equal Housing

$2,10.50

Total

Aug 28, 2023
Post date



## JPMorgan Chase & Co.

Post date:     08/28/2023

Amount:        $ 210.50

Account:

Check Number

B AND S LIGHTING AND FURNITURE OUTLET INC.                    359

DATE 08/20/23

PAY TO THE ORDER OF  Magisterial District Number 56-3-021  $ 210.50

two hundred ten dollars and 50/100                    DOLLARS

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com

**$528.56**

Total

Sep 29, 2022
Post date

397
Check #



Morgan Chase Bank, N.A. Member FDIC                    ©2024 JPMorgan Chase & Co.                    Equal Housing Oppo

Morgan Chase Bank, N.A. Member FDIC                    ©2024 JPMorgan Chase & Co.                    Equal Housing Oppo

Morgan Chase Bank, N.A. Member FDIC                    ©2024 JPMorgan Chase & Co.                    Equal Housing Oppo

Morgan Chase Bank, N.A. Member FDIC                    ©2024 JPMorgan Chase & Co.                    Equal Housing Oppo

**$3,500.00**
Total

Sep 6, 2022
Post date

396
Check #



Morgan Chase Bank, N.A. Member FDIC        ©2024 JPMorgan Chase & Co.        Equal Housing Opport

Morgan Chase Bank, N.A. Member FDIC        ©2024 JPMorgan Chase & Co.        Equal Housing Oppor

Morgan Chase Bank, N.A. Member FDIC        ©2024 JPMorgan Chase & Co.        Equal Housing Oppo



**$3,500.00**
Total

Jul 11, 2022
Post date

388
Check #

55-233/212

388

**B AND S LIGHTING AND FURNITURE OUTLET INC.**

DATE 07/08/2022

PAY TO THE
ORDER OF  Mursal Tura                    $ 3,500.00

three thousand five hundred only                  DOLLARS

**CHASE**
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO

JPMorgan Chase Bank, N.A. Member FDIC          ©2024 JPMorgan Chase & Co.          Equal Housing Opportunit

JPMorgan Chase Bank, N.A. Member FDIC          ©2024 JPMorgan Chase & Co.          Equal Housing Opportunit

CHASE 🔵 for BUSINESS

Printed from Chase for Business

**$3,500.00**

Total

May 4, 2022
Post date

382
Check #



B AND S LIGHTING AND FURNITURE OUTLET INC.   04/11 04/30/2022

PAY TO THE
ORDER OF   Mursal Tura                                              $ 3,500.00

three thousand and five hundred                    DOLLARS

CHASE 🔵
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO

JPMorgan Chase Bank, N.A. Member FDIC          ©2024 JPMorgan Chase & Co.          Equal Housing Opportunity

**$3,500.00**
Total

Jun 17, 2022
Post date

386
Check #

**B AND S LIGHTING AND FURNITURE OUTLET INC.**   DATE 06/17/2022   386   55-220/212

PAY TO THE ORDER OF  Mursal Tumi   $ 3500.00

three thousand five hundred   DOLLARS

**CHASE**
JPMorgan Chase Bank, N.A.
www.Chase.com

HT40

JPMorgan Chase Bank, N.A. Member FDIC        ©2024 JPMorgan Chase & Co.        Equal Housing Opportunity

# Exhibit E

0013966647



**COMMONWEALTH OF PENNSYLVANIA**
*Department of State*
*Bureau of Corporations and Charitable Organizations*
PO Box 8722
Harrisburg, Pennsylvania 17105-8722
**ARTICLES OF AMENDMENT - DOMESTIC CORPORATION**
Fee: $70

**Pennsylvania Department of State**

**-FILED-**

Amendment #: 0013966647
Date Filed: 9/27/2024

---

**DSCB:15-1915/2104/2305/2704/2904/3304/5915/7104/7105/7106/7107 (rev. 7/2015)**

In compliance with the requirements of 15 Pa.C.S. § 1915 / § 2104 / § 2305 / § 2704 / § 2904 / § 3304 / § 5915 / § 7104 / § 7105 / § 7106 / § 7107 (relating to articles of amendment/election/termination), the undersigned, desiring to amend its articles, hereby states that:

| Record Information | |
|---|---|
| File number | 0006979673 |
| Current name | B AND S LIGHTING AND FURNITURE OUTLET Inc |
| Date of incorporation | 11/24/2019 |
| Filing type | Domestic Business Corporation |
| For profit filing subtype | Business |

| Business Subtype Change | |
|---|---|
| Change business filing subtype? | I do not want to change the filing subtype of the corporation |

| Current Registered Office or Commercial Registered Office Provider | |
|---|---|
| Address | 16 DELAWARE AVENUE<br>WEST PITTSTON, PA 18643<br><br>Luzerne |

**New Registered Office**
I do not want to change the registered office

**Stock**
The corporation is organized on a stock share basis and the aggregate number of shares authorized is:

| Number of shares of stock authorized | 200 |
|---|---|

| Formation Statute | |
|---|---|
| Profit corporation - select one | Business Corporation Law of 1988 |

**Effective Date**
The filing shall be effective when filed with the Department of State

| Amendment adoption statement | |
|---|---|
| Select one of the following | The amendment was adopted by the shareholders or members pursuant to 15 Pa.C.S. § 1914(a) and (b) or § 5914(a). |

| Additional changes to the articles, if any | |
|---|---|
| Additional changes | There are no additional changes |

**Restated Articles**
☐ The restated Articles of Incorporation supersede the original articles and all amendments thereto.

B0739-8644 09/27/2024 8:00 AM Received by Pennsylvania Department of State

B0739-8645 09/27/2024 8:00 AM Received by Pennsylvania Department of State

Electronic Signature

IN TESTIMONY WHEREOF, the undersigned Corporation has caused these Articles of Amendment to be signed by a duly authorized officer.

| *SOLE OWNER* | *SOHRAB BARAT* | *09/26/2024* |
|---|---|---|
| Signer's Capacity | Sign Here | Date |



**Pennsylvania Department of State**
Bureau of Corporations and Charitable Organizations
PO Box 8722 | Harrisburg, PA 17105-8722
T: 717.787.1057
dos.pa.gov/BusinessCharities

---

## Index Report

**December 10, 2024**

Examination of the indices in the Department of State on the above date show a Domestic Business Corporation entitled:

## B AND S LIGHTING AND FURNITURE OUTLET Inc

| | |
|---|---|
| Entity No.: | 0006979673 |
| Jurisdiction: | PENNSYLVANIA |
| With Address At: | 16 DELAWARE AVENUE, WEST PITTSTON, PA  18643 |

**Officer(s):**

| | | |
|---|---|---|
| President | SOHRAB BARAT | 16 DELAWARE AVE US |
| Vice President | ZAHID GHAZNAWI | 16 DELAWARE AVE US |

**Filing History:**

| Date | Image No. | Filing |
|---|---|---|
| 11/24/2019 | A320232-1 | Initial Filing |
| 09/19/2024 | B0738-3003 | Articles of Amendment - Domestic Corporation |
| 09/27/2024 | B0739-8644 | Articles of Amendment - Domestic Corporation |

# Exhibit F

**COMPANY NAME**                                        **LOCATION**



# Exhibit G



# CHANDELIERS
### TM

Dear Customer,

   B&S Lighting Inc Chandeliers is thrilled to announce the launch of its portal in order to make business transactions easier. Selected customers can have their login credentials to check inventory, sales, place order, and promotions. Please be advised that the credentials provided to you is an IP controlled one device login else you would be logged out. Once your ready to login, please call in our customer service line in order to approve your onboarding at our end.  Please also be aware not to download or copy images as B&S Lighting Inc Chandeliers is the sole owner of the trademark and copyright and will be enforced accordingly.  Your login Credential is as follows:


   URL: bandschandeliers.com

   Username: Store786

   Password: 78@Neweras


Our portal can be displayed on any screen for your customers and your special prices will only be seen once you log in with your credentials. Please do not hesitate to call our customer service line to place order or with login issues at the following.


Thank You,

B&S Lighting Inc Chandeliers

1(866) – 798-6788

(570) 904 - 4908

# Exhibit H

Case 3:25-cv-00881-JKM   Document 11-9   Filed 02/02/25   Page 56 of 62

# TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

Assignment ID: TMI350356

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| **NATURE OF CONVEYANCE:** | NUNC PRO TUNC ASSIGNMENT |
| **EFFECTIVE DATE:** | 05/30/2024 |

## CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| B & S Lighting, Inc. | | 07/09/2024 | Corporation: NEW YORK |

## RECEIVING PARTY DATA

| | |
|---|---|
| **Company Name:** | Illuminaire Lighting and Furniture LLC |
| **Street Address:** | 251 Wyoming Ave. |
| **City:** | Wyoming |
| **State/Country:** | PENNSYLVANIA |
| **Postal Code:** | 18644 |
| **Entity Type:** | Limited Liability Company: DELAWARE |

## PROPERTY NUMBERS Total: 1

| Property Type | Number | Word Mark |
|---|---|---|
| **Registration Number:** | 5583577 | B&S LIGHTING INC B&S CHANDELIERS |

## CORRESPONDENCE DATA

**Fax Number:**

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| **Phone:** | 4843006325 |
| **Email:** | charles@esquiretrademarks.com |
| **Correspondent Name:** | Mr. Charles L. Riddle |
| **Address Line 1:** | P.O. Box 20195 |
| **Address Line 4:** | Scranton, PENNSYLVANIA 18502 |

| NAME OF SUBMITTER: | Charles Riddle |
|---|---|
| **SIGNATURE:** | Charles Riddle |
| **DATE SIGNED:** | 07/09/2024 |

**Total Attachments: 2**
source=B & S Lighting, Inc. Trademark Assignment - signed_Page_1#page1.tif
source=B & S Lighting, Inc. Trademark Assignment - signed_Page_2#page1.tif

OP $40.00.00 87562474

900869309

**TRADEMARK
REEL: 008506 FRAME: 0326**

## ASSIGNMENT

Assignor: **B & S Lighting, Inc., a New York Corporation** having an address of 142-02 Liberty Ave., Jamacia New York 11435, USA;

Assignee: **Illuminaire Lighting and Furniture LLC, a Delaware LLC**, having an address of 251 Wyoming Ave., Wyoming PA 18644, USA

**Effective Date:** 30/05/2024 _. (Please indicate the date the transfer is effective. Otherwise the Assignment is effective upon the date signed below.)_

## Trademark(s)

The Assignor is the owner of the following trademark(s) (the "Mark(s)"):

**US Trademark Registration No. 5583577 for B&S LIGHTING INC B&S CHANDELIERS (Design Mark); and**

**any unregistered rights in the B&S LIGHTING INC B&S CHANDELIERS.**

This confirms that, as of the Effective Date, the undersigned Assignor, being the lawful owners of the intellectual property listed above, for good and valuable consideration, do hereby confirm having assigned, transferred and conveyed all right, title and interest in said intellectual property, including common law rights, and all goodwill associated therewith, unto Assignee.

THEREOF, this assignment executed as of the day and year written, intending to be legally bound.

**Assignor: B & S Lighting, Inc.**

_Signed:_ _____

**Name:** Sohrab Barat

**Title:** OWNER/PRESIDENT

**Date:** 07/09/2024

# B & S Lighting, Inc. Trademark Assignment

Final Audit Report
2024-07-09

| | |
|---|---|
| Created: | 2024-07-09 |
| By: | Charles Riddle (esquiretrademarks@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAARe0nhh3J7FUs3FSJ0FhluMji7PxOi075 |

## "B & S Lighting, Inc. Trademark Assignment" History

📄 Document created by Charles Riddle (esquiretrademarks@gmail.com)
2024-07-09 - 9:30:57 PM GMT- IP address: 73.81.4.33

📤 Document emailed to Sohrab Barat (barat.sohrab@gmail.com) for signature
2024-07-09 - 9:30:59 PM GMT

📄 Email viewed by Sohrab Barat (barat.sohrab@gmail.com)
2024-07-09 - 9:31:05 PM GMT- IP address: 74.125.210.69

✍️ Document e-signed by Sohrab Barat (barat.sohrab@gmail.com)
Signature Date: 2024-07-09 - 9:36:41 PM GMT - Time Source: server- IP address: 98.235.83.170

✅ Agreement completed.
2024-07-09 - 9:36:41 PM GMT

**Adobe Acrobat Sign**

RECORDED: 07/09/2024

**TRADEMARK
REEL: 008506 FRAME: 0328**

# Exhibit I

# *State Of Delaware*

**\*\*THIS IS NOT AN OFFICAL CERTIFICATE OF STATUS\*\***

Date Retrieved:  1/24/2025   2:52:51PM

File Number:  3799367

Incorporation Date / Formation Date:  5/30/2024

Entity Name:  ILLUMINAIRE LIGHTING AND FURNITURE LLC

Entity Kind:  Limited Liability Company

Entity Type:  General

Residency:  Domestic

State:  DELAWARE

Status:  Good Standing

Status as of:  5/30/2024

## Registered Agent Information

Name:  HARVARD BUSINESS SERVICES, INC.

Address:  16192 COASTAL HWY

City:  LEWES

Country:

State:  DE

Postal Code:  19958

Phone:  302-645-7400

## Tax Information

Last AnnualReport Filed:  0

Tax Due:  $ 0

Annual Tax Assessment:  $300

Total Authorized Shares:

## Filing History (Last 5 Filings)

| Seq | Description | No of Pages | Filing Date mm/dd/yyyy | Filing Time | Effective Date mm/dd/yyyy |
|---|---|---|---|---|---|
| 1 | LLC | 1 | 20240530 | 124300 | 20240530 |

**\*\*THIS IS NOT AN OFFICAL CERTIFICATE OF STATUS\*\***

# Exhibit J



← CC
**SPECIAL PRICE:$45.00**

GG →
**SPECIAL PRICE: $ 58.5**








← LV
**SPECIAL PRICE:$45.00**



22

**Place order by calling 1(866)798-6788 or whatsapp (570)904-4908**